IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


JAN TRAMPP                                                                                           PLAINTIFF

vs.                                              Civil No. 2:19-cv-02041

ANDREW SAUL                                                                                      DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Jan Trampp, ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed an application for DIB and SSI. (Tr. 357-369). In these applications, Plaintiff alleges being disabled due to bipolar disorder, severe depression, a learning

---

[1] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 13. These references are to the page number of the transcript itself not the ECF page number.

1

disability; very low IQ, memory issues, obesity, anxiety and heart issues, borderline personality disorder, dissociative disorder, and knee, neck, spine, and shoulders issues. (Tr. 410). Plaintiff alleges an onset date of June 27, 2012. *Id.* Her application was denied initially and again upon reconsideration. (Tr. 122-198).

Plaintiff requested an administrative hearing on her denied applications. (Tr. 243-244). This hearing request was granted and Plaintiff's initial administrative hearing was held on August 4, 2015. (Tr. 33-70). Following this, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 199-221). On September 21, 2016, the Appeals Council granted review of the decision and remanded the case. (Tr. 222-226).

Following remand, Plaintiff had a second administrative hearing on May 16, 2017. (Tr. 71-102). At this hearing, Plaintiff was present and was represented by counsel, Michael Hamby. *Id.* Plaintiff and Vocational Expert ("VE") Barbara Hubbard testified at the hearing. *Id.*

Following the hearing on August 30, 2017, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 10-25). In this decision, the ALJ determined met the insured status requirements of the Act through August 30, 2017. (Tr. 13, Finding 2). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 22, 2013. (Tr. 13, Finding 3).

The ALJ determined Plaintiff had the following severe impairments: essential hypertension, degenerative disc disease of the cervical and lumbar spine, osteoarthritis, obesity, depression, anxiety, and a personality disorder. (Tr. 17, Finding 3). Despite being severe, the ALJ determined

those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 5).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 16-23, Finding 6). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work with simple tasks, simple instructions, and only incidental contact with the public. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 23, Finding 7). The ALJ determined Plaintiff was not capable of performing any of her PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 24, Finding 13). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as poultry eviscerator with approximately 5,160 such jobs in the nation, price marking clerk with approximately 304,700 such jobs in the nation, and routing clerk with approximately 53,400 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from June 22, 2013, through the date of the decision. (Tr. 24, Finding 14).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (349-354). The Appeals Council denied this request for review. (Tr. 1-4). On March 20, 2019, Plaintiff

filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 16, 17. This case is now ready for decision.

2. **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **<u>Discussion</u>:**

Plaintiff brings the present appeal claiming the ALJ erred in failing to properly determine Plaintiff's RFC. ECF No. 16, Pgs.1-12. In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 17.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's

arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.

Accordingly, the ALJ's decision is hereby affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **18th day of March 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE